IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TYRONE THURMAN, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 5:14-cv-233 (MTT) (CHW) |
| | : | |
| GREGORY MCLAUGHLIN, | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| | : | |

## RECOMMENDATION TO DISMISS UNTIMELY PETITION

I. Procedural History

Petitioner pleaded guilty to one count each of aggravated assault and cruelty to children on May 6, 2008, *see* (Doc. 9-2, p. 2), for which he was sentenced to twenty years of imprisonment, to serve ten. (Doc. 1, p. 1; Doc. 7-1, p. 1; Doc. 9, p. 1). Petitioner filed no direct appeal. He did, however, file a Motion for Leave to Appeal Out-of-Time on March 9, 2009. (Doc. 7-2, pp. 1–7). That Motion was summarily denied by the trial court on March 18, 2009. (Doc. 1, p. 2; Doc. 7-3, p. 1). "[M]ore than two years" later, Petitioner appealed the denial of his Motion for Leave to Appeal Out-of-Time. (Doc. 7-4). That appeal was denied by the Georgia Court of Appeals on June 8, 2011. (*Id.*).

On October 30, 2009, Petitioner filed a petition for state habeas corpus relief in the Superior Court of Ware County, Georgia. (Doc. 7-5). Following a hearing, Petitioner's state habeas petition was denied on September 9, 2013. (Doc. 1, p. 3; Doc. 7-6). The Georgia Supreme Court denied Petitioner's application for certificate of probable cause to appeal on April 22, 2014. (Doc. 7-7). It is not clear, from the record, when the remittitur was returned to the Ware County Superior Court.

II. AEDPA's Limitations Period

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a 1-year limitations period on petitioners for habeas corpus relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Ordinarily, as here, AEDPA's 1-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Because Petitioner filed no direct appeal, his May 6, 2008 conviction became "final" 30 days later, on June 5, 2008, when the time for filing a notice of appeal expired. *See* O.C.G.A. § 5-6-38(a). *See also Salas v. Pierce*, 297 F. App'x 874, 878 (11th Cir. 2008). From that date, Petitioner had one year to file a timely petition for federal habeas relief or to properly file an application for state post-conviction or other collateral review, thereby tolling AEDPA's limitation period. 28 U.S.C. § 2244(d)(2).

Although Petitioner's Motion for Leave to Appeal Out-of-Time "did not restart [AEDPA's] one-year clock," (Doc. 6-1, p. 5), Petitioner's Motion did have the potential to *toll* AEDPA's clock. *See Williams v. Crist*, 230 F. App'x 861, 868–69 (11th Cir. 2006). Because Respondent did not address this tolling issue, this Recommendation will proceed on the assumption that the limitations period was tolled from March 9 to March 18, 2009, while Petitioner's Motion for Leave to Appeal Out-of-Time was pending.

Notwithstanding the potential tolling effect of Petitioner's Motion for Leave to Appeal Out-of-Time, the instant federal habeas petition, which Petitioner filed in May 2014, (Doc. 6-1, p. 2), is untimely. By March 9, 2009, 276 days had already passed. The limitations period again began to run following the denial of his Motion for Leave to Appeal Out-of-Time, and it expired

2

89 days later, on June 15, 2009 – well before Petitioner filed his state habeas petition, his federal habeas petition, or his appeal from the denial of his Motion for Leave to Appeal Out-of-Time.

Although the instant federal habeas petition is untimely, District Courts may equitably toll AEDPA's limitations period where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010). Petitioner's only argument regarding equitable tolling, that he "was misinformed of proper appeal process," (Doc. 9, p. 3), is not supported by the record. Additionally, ignorance of the law is not generally grounds for equitable tolling. *See, e.g.*, *Gardner v. Walker*, 2005 WL 1127137 (M.D. Ga. May 7, 2005).

Therefore, it is **RECOMMENDED** that Respondent's Motion to Dismiss (Doc. 6) be **GRANTED**, that Petitioner's Motion to Amend (Doc. 4) be **DISMISSED** as **MOOT**, and that the instant Petition be **DISMISSED** as **UNTIMELY**. Additionally, Pursuant to the requirements of Rule 11 of the rules governing Section 2254 cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is **FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order. Finally, pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 10th day of December, 2014.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge