IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TYRONE THURMAN, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 5:14-CV-233 (MTT) |
| GREGORY MCLAUGHLIN, | ) |
| Respondent. | ) |

## ORDER

Before the Court is the Report and Recommendation of Magistrate Judge Charles H. Weigle. (Doc. 11). The Magistrate Judge recommends granting the Respondent's motion to dismiss (Doc. 6), dismissing as untimely the Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and denying a certificate of appealability. The Petitioner has filed an objection to the Recommendation. (Doc. 12).

On May 6, 2008, the Petitioner pled guilty to aggravated assault and cruelty to children in Jasper County Superior Court ("the Superior Court"). (Doc. 9-2 at 2). The Petitioner did not file a direct appeal. On March 9, 2009, the Petitioner filed a motion for an out-of-time appeal in the Superior Court, which was denied on March 18, 2009. (Docs. 7-2; 7-3). According to the Magistrate Judge, the Petitioner appealed the Superior Court's denial of the motion "[m]ore than two years" later, which was denied by the Georgia Court of Appeals on June 8, 2011. (Docs. 7-4; 11 at 1). On October 30, 2009, the Petitioner filed a state habeas petition in Ware County Superior Court, which

was denied on September 9, 2013.  (Docs. 7-5; 7-6).  On October 7, 2013, the Petitioner filed an application for certificate of probable cause, which the Georgia Supreme Court denied on April 22, 2014.  (Docs. 7-7; 9 at 2).  It is unclear when the remittitur was returned to the Ware County Superior Court.  On June 19, 2014, the petitioner filed his federal petition.  (Docs. 1; 7-7).

The Magistrate Judge determined that the Petitioner's conviction became "final" for purposes of AEDPA's one-year limitations period on June 5, 2008.  (Doc. 11 at 2).  The petitioner did not file an application for state post-conviction or other collateral review that could potentially toll the limitations period until he filed his motion for an out-of-time appeal on March 9, 2009.  The Magistrate Judge assumed *arguendo* that the limitations period was tolled during the pendency of the motion—from March 9 to March 18, 2009.  (Doc. 11 at 2).  As a result, the limitations period expired on June 15, 2009.  Because the Petitioner did not file his state habeas petition until October 30, 2009, the Magistrate Judge concluded the petition was untimely.  The Magistrate Judge also concluded that the Petitioner's only argument regarding equitable tolling—that he was "misinformed of proper appeal process"—did not warrant equitable tolling.  (Doc. 11 at 3).

The Petitioner objects to the Magistrate Judge's conclusion that he did not appeal the Superior Court's denial of his motion for an out-of-time appeal until more than two years later.  (Doc. 12 at 1).  In his objection, the Petitioner alleges he promptly appealed the denial of the motion but the process of "seeking to establish his appeal rights took two years."  (Doc. 12 at 3).  The Petitioner makes several allegations to support this claim.  The Court construes this portion of the objection as a motion to

amend the petition and grants it.  *See Newsome v. Chatham Cnty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007) (holding district court should have considered new allegations in objection as motion to amend the complaint).

The Petitioner makes the following allegations.[1]  On March 25, 2009, the Petitioner filed a notice of appeal of the Superior Court's order denying his motion for an out-of-time appeal.  (Docs. 12 at 1; 15-1).  On April 20, 2009, the Petitioner wrote to the Georgia Court of Appeals and inquired about the "receipt of his appeal."  (Doc. 12 at 2).  On April 23, 2009, the Georgia Court of Appeals informed the Petitioner that "there is no case pending in the Court of Appeals styled in your name."  (Docs. 12 at 2; 15-2).  On May 14, 2009, the Petitioner again wrote to the Georgia Court of Appeals.  (Doc. 12 at 2).  On May 19, 2009, the Georgia Court of Appeals responded by referring the Petitioner to two Georgia statues: one that sets out "the requirements for the contents of the Notice of Appeal" and one that sets out "the time frames for filing the Notice of Appeal."  (Docs. 12 at 2; 15-3).  The Georgia Court of Appeals also informed the Petitioner that the notice of appeal is filed with the clerk of the trial court and that the "remedy if a public official refuses to do his or her public duty is through mandamus."  (Doc. 15-3).

On May 18, 2009, the Petitioner attempted to file an amended notice of appeal in the Superior Court by sending the notice through certified mail.  (Doc. 12 at 2).  The certified mail was returned to the Petitioner because the clerk of Jasper County Superior Court ("the Jasper County Clerk") refused to sign for it.  (Docs. 12 at 2; 15-5; 15-6 at 5).  On June 25, 2009, the Petitioner filed a writ of mandamus against the Jasper County

---

[1] The Petitioner has submitted materials to support his allegations.  (Doc. 15).  As discussed below, the Court will provide the Respondent with an opportunity to admit or deny their correctness.  Rule 7 of the Rules Governing Section 2254 Cases.

Clerk, alleging, inter alia, that the Jasper County Clerk "stated [he] was not entitled to appeal the denial of his motion[] and that the trial court's decision was final." (Docs. 12 at 2; 15-6 at 5). The Petitioner requested that the Jasper County Clerk "file [his] notice of appeal … so that [he] [may] proceed with his appellate review." (Doc. 15-6 at 6). The Petitioner also requested that "said notice of appeal be deemed as filed timely as it was filed within 30 days of the denial of said motion[]." (Doc. 15-6 at 6).

The Petitioner wrote to the Georgia Court of Appeals three more times. (Doc. 12 at 2-3). On June 30, 2009, the Georgia Court of Appeals responded that "we do not have a case styled in your name pending in this Court." (Docs. 12 at 2; 15-7). On August 26, 2009, the Georgia Court of Appeals responded that "there is still no case docketed in this Court in you [sic] name." (Docs. 12 at 2; 15-9). And, on May 6, 2010, the Georgia Court of Appeals responded that "we do not have a case styled in your name pending in this Court." (Doc. 15-13). Meanwhile, "with his appeal status still pending," the Petitioner filed his state habeas petition on October 30, 2009. (Doc. 12 at 3). On December 30, 2009, the Georgia Court of Appeals forwarded the Petitioner a letter it sent to the Jasper County Clerk. (Docs. 12 at 2-3; 15-12). The letter reads:

> Enclosed please find the record in the above appeal which was forwarded from your office to ours. Please be advised that we are unable to docket this appeal because the record does not contain a Notice of Appeal. Additionally, there is a pending Motion for Out-of-Time Appeal found on page 27 of the record.

(Doc. 15-12).

On January 13, 2010, the Petitioner filed a federal action against the Jasper County Clerk pursuant to 42 U.S.C. § 1983. *Thurman v. Jordan*, No. 5:10-cv-22-CAR (M.D. Ga.). The Court held a hearing on April 25, 2011. The Court observed that the

Petitioner wanted an order "directing [the Jasper County Clerk] to accept his Notices of Appeal[2] and to forward his Notices of Appeal and the record and transcript of his case to the Georgia Court of Appeals." *Thurman*, No. 5:10-cv-22-CAR, (Doc. 34 at 2). The Jasper County Clerk "was amenable to complying with such an order." *Id.* at 3. Thus, in the interest of "avoiding the time and costs of an unnecessary trial," the Court ordered the Jasper County Clerk to accept the Petitioner's notices of appeal and forward them to the Georgia Court of Appeals, along with a copy of the Court's Order and the transcript and record from the Petitioner's criminal case. *Id.* Finally, the Court "request[ed] that having received the Notices of Appeal and the record and transcript of [the Petitioner's] criminal case, as directed by this Order, the Georgia Court of Appeals give the matter due consideration." *Id.*

It appears the Jasper County Clerk complied with the Court's Order because the Georgia Court of Appeals rendered a decision on June 8, 2011, less than two months later. (Doc. 7-4). The decision, however, does not discuss or acknowledge the Petitioner's plight. After noting Georgia law requires that a notice of appeal be filed within 30 days of the entry of the appealable judgment, the Georgia Court of Appeals held:

> [The Petitioner's] notice of appeal, however, was filed more than two years after the order from which he appeals was entered. The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court. … Accordingly, we lack jurisdiction to consider [the Petitioner's] appeal, and this appeal is hereby DISMISSED.

(Doc. 7-4). The Petitioner argues he did not wait "more than two years" to appeal the denial of his motion for an out-of-time appeal. (Doc. 12 at 3). He argues he has been

---

[2] The Petitioner wanted the Jasper County Clerk to accept his March 25, 2009 notice of appeal and his May 19, 2009 amended notice of appeal.

-5-

diligently pursuing his rights and is entitled to tolling from March 25, 2009 to June 8, 2011.  (Doc. 12 at 3-4).

Notwithstanding the Petitioner's allegations, it is clear he is not entitled to equitable tolling.  "Equitable tolling is assessed on a case-by-case basis, considering the specific circumstances of the subject case."  *Cole v. Warden, Georgia State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014).  The Petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted).  The diligence required is "reasonable diligence, not maximum feasible diligence."  *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (quoting *Holland*, 560 U.S. at 653).  In proving an "extraordinary circumstance," the Petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition."  *Id.*  Thus, "[d]etermining whether a factual circumstance is extraordinary to satisfy equitable tolling depends not on how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period."  *Cole*, 768 F.3d at 1158.

Such an obstacle has been found where a state court's affirmative misrepresentation prevented a diligent petitioner from filing within AEDPA's limitations period.  *Spottsville v. Terry*, 476 F.3d 1241, 1245-46 (11th Cir. 2007); *Knight v. Schofield,* 292 F.3d 709, 710-11 (11th Cir. 2002).  In *Spottsville*, a state habeas court entered an order denying relief and directing the petitioner to file his appeal in the wrong court.  476 F.3d at 1245.  The Petitioner did not become aware that he had been misled

-6-

by the state court until his appeal was dismissed several months later; however, by then AEDPA's limitations period had expired. *Id.* Because the petitioner relied on the misleading instructions, the petitioner was entitled to equitable tolling during the pendency of his attempted appeal. *Id.* at 1246. Similarly, in *Knight*, the Georgia Supreme Court failed to notify a petitioner that it had issued its decision, despite assuring him that it would do so. 292 F.3d at 711. The petitioner did not become aware that the decision had been issued until almost eighteen months later—and only after he made an inquiry about the status of his case. The petitioner was entitled to equitable tolling until the date that he learned of the decision. *Id.*; *see also Hollinger v. Sec'y, Dept. of Corr.*, 334 F. App'x 302, 307 (11th Cir. 2009) (finding a causal connection where the state court's 8-month delay in notifying the petitioner of its decision left him with only 12 days to exhaust his state court remedies and file a federal petition).

In his response to the motion to dismiss, the Petitioner claimed the Superior Court "misinformed" him about the proper appeal process. (Docs. 11 at 3; 9 at 3). The Petitioner cited to the Superior Court's instructions following his guilty plea that he "may institute an application for writ of habeas corpus … within four years in the case of a felony." (Doc. 9-2 at 8:22-9:5). It is clear the Superior Court did not misinform the Petitioner. Under Georgia law, the Petitioner had four years to file his state habeas petition. O.C.G.A. § 9-14-42. The Superior Court did not have a duty to inform the Petitioner of AEDPA's one-year statute of limitations. *See Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007). Although proceeding *pro se*, the Petitioner is "deemed to know of the one-year statute of limitations." *Id.* Moreover, the Eleventh Circuit "ha[s] not accepted a lack of a legal education as an excuse for a failure to file in

a timely fashion." *Spears v. Warden*, --- F. App'x ---, 2015 WL 1530119, at *3 (11th Cir. 2015) (citing *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005)); see also *Gardner v. Walker*, No. 6:04-cv-63-HL, 2005 WL 1127137 (M.D. Ga.).

In his objection to the Recommendation, the Petitioner focuses exclusively on his efforts to establish his right to appeal the Superior Court's denial of his motion for an out-of-time appeal. Although the Petitioner does not specifically identify these efforts as an extraordinary circumstance that stood in his way and prevented timely filing, the Court will liberally construe his objection as arguing that the Jasper County Clerk's alleged failure to accept his notice of appeal constituted such an extraordinary circumstance. *See Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, the Petitioner does not make any allegations or argument regarding the "causal connection" between the Jasper County Clerk's failure and the late filing of his federal petition. More specifically, he does not discuss how the Jasper County Clerk's failure affected his ability to timely file his federal petition or prevented him from doing so.

Unlike the petitioners in *Spottsville* and *Knight*, the Petitioner was aware there was a problem with his appeal before AEDPA's limitations period expired. The Petitioner first became aware there was a problem on April 23, 2009—53 days before the limitations period expired. He was not misled to believe otherwise. The Georgia Court of Appeals told him "there is no case pending in the Court of Appeals styled in your name." (Docs. 12 at 2; 15-2). The Georgia Court of Appeals provided more information on May 19, 2009—27 days before the limitations period expired. The Georgia Court of Appeals referred the Petitioner to two Georgia statutes outlining the requirements for a notice of appeal, told him the notice must be filed with the Jasper

County Clerk, and intimated he could compel the Jasper County Clerk to accept the notice through mandamus. (Doc. 15-3).

The Petitioner was also not prevented from filing a state tolling motion while he attempted to resolve the problem with his appeal. The Petitioner acknowledges that "his appeal status [was] still pending" when he filed his state habeas petition. (Doc. 12 at 2). Yet he did not do so until 137 days after AEDPA's limitations period expired. The Petitioner does not offer any explanation for why he waited this long, nor does he allege he could not have filed the state habeas petition before the limitations period expired.

Likewise, there is no indication that the Petitioner could not have timely filed his federal petition. *See San Martin*, 633 F.3d at 1270-71 ("Most importantly, [the petitioner] has not begun to explain how the two-week delay in receiving notice of the Supreme Court's [decision] ultimately caused the late filing of his federal habeas petition; or why he did not have ample time, even after the two-week delay, in which he could have presented a timely federal petition."); *Bell v. Fla. Att'y Gen.*, 461 F. App'x 843, 849 (11th Cir. 2012) (finding no causal connection between the petitioner's inability to file state tolling motions from June to September 1998 and the petitioner's ability to timely file his federal petition in May 1999). Although the Jasper County Clerk's failure to accept the Petitioner's notice of appeal caused uncertainty about the status of his appeal, the Petitioner has failed to establish a nexus between this uncertainty and his ability to timely file a federal petition.[3] As the Magistrate Judge correctly concluded, the Petitioner has failed to show that equitable tolling is warranted.

---

[3] The Supreme Court has suggested that a prisoner who faces such uncertainty can file "a 'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *see Hill v. Jones*, 242 F. App'x 633, 637 n.7 (11th Cir. 2007).

The Petitioner may, however, be entitled to statutory tolling. The Petitioner's conviction became "final" on June 5, 2008—30 days after the time for filing a direct appeal expired. *See* O.C.G.A. § 5-6-38; 28 U.S.C. § 2244(d)(1). Under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *see also Wade v. Battle*, 379 F.3d 1254, 1259-60 (11th Cir. 2004). Moreover, "a state post[-]conviction application 'remains pending' 'until the application has achieved final resolution through the State's post[-]conviction procedures.'" *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (quoting *Carey v. Saffold*, 536 U.S. 214, 220 (2002)).

Although it is not established in this circuit, a motion for an out-of-time appeal may toll an unexpired AEDPA limitations period. *See Miller v. Crosby*, 180 F. App'x 126, 128 (11th Cir. 2006); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003). Assuming it does, an appeal of the denial of such a motion filed by a party in the Petitioner's position may also toll the limitations period. *See Moore*, 321 F.3d at 1380 (citations omitted); *Richards v. State*, 275 Ga. 190, 191, 563 S.E.2d 856, 858 (2002) ("The denial of a motion for out-of-time appeal is directly appealable when the criminal conviction at issue has not undergone appellate review."); *Rowland v. State*, 264 Ga. 872, 876, 452 S.E.2d 756, 760 (1995). Thus, if the Petitioner timely filed his notice of appeal of the Superior Court's denial of his motion for an out-of-time appeal, he would

arguably be entitled to statutory tolling from March 9, 2009 to June 8, 2011, and his petition would be timely.

The Eleventh Circuit "repeatedly has held that a petitioner's state court post-conviction filing is not 'properly filed' within the meaning of § 2244(d)(2) if the state court has already determined that the petitioner's state court filing did not conform with the state's filing deadlines." *Williams v. Crist*, 230 F. App'x 861, 866 (11th Cir. 2006); *see Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (concluding that the state court's holding that the state petition was time-barred "is due deference"); *Stafford v. Thompson*, 328 F.3d 1302, 1305 (11th Cir. 2003) (holding that it is "bound by the state court's determination that the appeal was untimely"); *Wade*, 379 F.3d at 1260-61 (giving "due deference" to the state court's determination that the petitioner's state filing was untimely). Although a state court's factual finding is due deference, it is not incontestable.

AEDPA "requires federal courts to defer to a state court's determination of a factual issue, though it permits a petitioner to rebut those determinations by clear and convincing evidence." *Kearse v. Sec'y, Fla. Dep't of Corr.*, 669 F.3d 1197, 1198 (11th Cir. 2013) (citing 28 U.S.C. § 2254(e)(1)). In *Kearse*, the Eleventh Circuit held that AEDPA permitted a petitioner the opportunity to rebut a state court's "finding of fact" that his state court filing was not in compliance with the state's filing requirements. *Id.* at 1199; *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 499 F. App'x 945, 951 n.2 (11th Cir. 2012) (noting that the district court in *Kearse* erred by failing to apply § 2254(e)(1) deference "to the state court's factual finding that the petitioner's state post-conviction

motion was untimely, and by failing to consider compelling evidence presented by the petitioner that the motion was, in fact, timely").

In the present case, the Petitioner's allegations suggest that he can rebut the presumption of correctness that attaches to the Georgia Court of Appeals' determination that he filed his notice of appeal "more than two years after the order from which he appeals was entered."[4] (Doc. 7-4). However, the Petitioner did not raise these allegations or submit supporting materials until after the Magistrate Judge issued the Recommendation. The Court has considered these new allegations as an amendment to his petition. The Respondent has not had an opportunity to respond to the Petitioner's allegations or the materials he submitted. Therefore, the Respondent may amend its answer, renew its motion to dismiss, and admit or deny the correctness of the materials within thirty (30) days after service of this Order. 28 U.S.C. § 2243; Rule 7 of the Rules Governing Section 2254 Cases. Under Rule 7, the Respondent may also submit any materials relating to the Petitioner's claim that he timely filed his notice of appeal with the Jasper County Clerk.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Petitioner's objection and made a de novo determination of the portions of the Recommendation to which the Petitioner objects. The Recommendation is **ADOPTED in part and REJECTED in part**. The Respondent's motion to dismiss (Doc. 6) is **DENIED without**

---

[4] The Petitioner bears the burden of rebutting this presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "Clear and convincing evidence entails proof that a claim is 'highly probable,' a standard requiring more than a preponderance of the evidence but less than proof beyond a reasonable doubt." *Ward v. Hall*, 592 F.3d 1144, 1177 (11th Cir. 2010) (citation omitted). "The Supreme Court described this standard as 'demanding but not insatiable' and cautioned that '[d]eference does not by definition preclude relief.'" *Id.* (quoting *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005)).

-13-

**prejudice**, the Petitioner's motion to amend (Doc. 4) is **GRANTED**, and the Petitioner's request for a certificate of appealability (Doc. 13) is **DENIED as moot**.

    **SO ORDERED**, this 27th day of April, 2015.

                                        <u>S/ Marc T. Treadwell</u>
                                        MARC T. TREADWELL
                                        UNITED STATES DISTRICT COURT