IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TYRONE THURMAN, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 5:14-cv-233 (MTT) (CHW) |
| | : | |
| GREGORY MCLAUGHLIN, | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| | : | |

### REPORT AND RECOMMENDATION

Before the Court is Respondent Gregory McLaughlin's renewed motion to dismiss Petitioner Tyrone Thurman's Section 2254 habeas application on timeliness grounds under 28 U.S.C. § 2244(d)(1). (Doc. 20). Because Respondent did not address the issues raised in this Court's April 27 order, (Doc. 17), namely, (i) whether a motion for out-of-time appeal may toll AEDPA's limitations period, (ii) whether Petitioner had a right to file such a motion, and (iii) whether Petitioner "properly filed" such a motion, it is **RECOMMENDED** that Respondent's renewed motion to dismiss be **DENIED**.

### BACKGROUND

This Section 2254 action began on June 19, 2014, when Petitioner filed a federal habeas petition challenging his May 6, 2008 conviction—pursuant to a guilty plea—for aggravated assault and cruelty to children. (Doc. 9-2). What happened between May 6, 2008, and June 19, 2014, particularly with regard to a motion for out-of-time appeal which Petitioner filed on March 9, 2009, is a factual matter that may be material to the resolution of Respondent's pending motion to dismiss. It is also a matter which Respondent has failed to address, despite this Court's request that he do so. (Doc. 17, p. 12).

1

Based on the information available to the Court, the following relevant facts are clear. First, it is undisputed that Petitioner did not appeal his May 6, 2008 conviction within the 30-day period provided for by O.C.G.A. § 5-6-38. (Doc. 7-1, pp. 1, 4). As a result, Petitioner's conviction became "final" for AEDPA's purposes on June 5, 2008. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653–54 (2012) ("judgment becomes final . . . when the time for pursuing direct review . . . in state court[] expires"). Thereafter, AEDPA's 1-year limitations period on federal habeas applications began to run. *See* 28 U.S.C. § 2244(d)(1)(A).

Second, it is undisputed that Petitioner filed a motion for out-of-time appeal, along with other motions, on March 9, 2009. (Doc. 7-2, p. 1). The Superior Court of Jasper County, Georgia, the plea court, denied Petitioner's motions on March 18, 2009. (Doc. 7-3, p. 1). That Court's order of denial contains no articulated reasoning; it merely states: "[Thurman's] Motion for Out-of-Time Appeal and Incorporated [Motions] having been read and considered, it is hereby denied." (Doc. 7-3, p. 1).

Third, it is undisputed that Petitioner attempted to appeal the Jasper County Superior Court's denial of his motion for out-of-time appeal by filing, on March 25, 2009, a notice of appeal, as required by Georgia law. (Doc. 12, p.1; Doc. 15-1). *See also* O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days"). This fact, which Petitioner raised in his objection to the prior Recommendation, is "undisputed" only in the sense that Respondent has not acknowledged or addressed Petitioner's allegations and supporting documents.

Fourth, it is undisputed that Petitioner, after writing letters, filing motions and even initiating an unsuccessful state mandamus action, (Doc. 17, pp. 3–4), filed a Section 1983 lawsuit in this Court seeking an injunction that would allow Petitioner to file his notice of appeal in the Jasper County Superior Court. *See Thurman v. Jordan*, No. 5:10-cv-22 (CAR). Based on

2

evidence that the Jasper County Clerk of Court had simply refused, without justification, to accept Petitioner's notice of appeal, the Court, on April 25, 2011, entered a consent order to the effect that the Jasper County Clerk of Court would thereafter accept Petitioner's notice of appeal so that Petitioner could appeal from the denial of his motion for out-of-time appeal. *Thurman v. Jordan*, No. 5:10-cv-222, Doc. 34. That consent order was entered on April 25, 2011. *Id.*

Fifth and finally, it is undisputed that on June 8, 2011, the Georgia Court of Appeals dismissed Petitioner's appeal from the denial of his motion for out-of-time appeal based on timeliness grounds. (Doc. 7-4). As previously noted, it is not at all clear that the Georgia Court of Appeals adequately accounted for the difficulties Petitioner faced in attempting to file his notice of appeal. *See* (Doc. 17, p. 5).

## STATUTORY TOLLING

Notwithstanding the facts relating to Petitioner's motion for out-of-time appeal, Respondent has filed a renewed motion to dismiss for untimeliness. It is Recommended that Respondent's motion be denied.

Although Respondent has asserted, *pro forma*, that Petitioner exceeded AEDPA's 1-year limitations period in filing the instant Section 2254 habeas petition, 28 U.S.C. § 2244(d)(1), Respondent has not demonstrated that a dismissal for untimeliness is appropriate. This is because AEDPA's limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending, 28 U.S.C. § 2244(d)(2), and because Respondent has not addressed three crucial issues relevant to the timeliness of Petitioner's Section 2254 petition: (i) whether a motion for out-of-time appeal may toll AEDPA's limitations period, (ii) whether Petitioner had a right to file such a motion, and (iii) whether Petitioner properly filed such a motion in accordance with the procedural dictates of Georgia law.

3

As the Court indicated in its April 27 Order, "a motion for an out-of-time appeal may toll an unexpired AEDPA limitations period." (Doc. 17, p. 10). Although the Eleventh Circuit noted but did not decide this issue in *Moore v. Crosby*, 321 F.3d 1377 (2003) and in *Miller v. Crosby*, 180 F.App'x 126 (2006), two cases cited by the Court in the April 27 Order, the Eleventh Circuit did, in *Moore*, cite favorably to *Melancon v. Kaylo*, 259 F.3d 401 (2001), a Fifth Circuit case suggesting that "properly filed" motions for out-of-time appeals can indeed toll AEDPA's limitations period. *See Melancon*, 259 F.3d at 407 ("after the appeal period has lapsed, an application ceases to be pending but a subsequent properly filed application entitled the petitioner to additional tolling beginning at the time of the 'proper' filing"). Additionally, the legal issue of whether or not a "properly filed" motion for out-of-time appeal tolls AEDPA's limitations period may not be avoidable in this case, as it was in *Moore* and *Miller*, because the instant Petition is arguably timely, if Petitioner's frustrated efforts to appeal from the denial of his motion for out-of-time appeal were "properly filed,".[1] (Doc. 17, pp. 10–11).

Rather than addressing the issue of whether a motion for out-of-time appeal may toll AEDPA's limitations period, Respondent cites to *Jimenez v. Quarterman*, 555 U.S. 113 (2009), a case holding that "where a state court *grants* a criminal defendant the right to file an out-of-time direct appeal during state collateral review . . . his judgment is not yet 'final.'" 555 U.S. at 686 (emphasis added). Of course, Petitioner's motion for out-of-time appeal was not granted, so

---

[1] Arguably, AEDPA's clock began running on June 5, 2008, ran for 277 days, was tolled upon the filing of Petitioner's motion for out-of-time appeal on March 9, 2009, remained tolled while Petitioner's "properly filed" appeal was pending, was later alternatively tolled by Petitioner's state habeas petition which Petitioner filed on October 30, 2009, (Doc. 7-6, p. 2), remained tolled when the Georgia Court of Appeals dismissed Petitioner's appeal from the denial of his motion for out-of-time appeal on June 8, 2011, also remained tolled when Petitioner's state habeas petition was denied on September 9, 2013, (Doc. 7-6, p. 1), and then finally began to run again after the Georgia Supreme Court denied Petitioner's certificate of probable cause to appeal the denial of his state habeas petition on April 22, 2014. (Doc. 7-7, p. 1). Petitioner let an additional 58 days run before filing the instant federal habeas petition on June 19, 2014, so a total of 335 days ran on AEDPA's 1-year limitations period. *But see Zach v. Tucker*, 704 F.3d 917 (2013) ("the statute of limitations in AEDPA applies on a claim-by-claim basis in a multiple trigger date case").

*Jimenez*'s direct holding, which relates to finality and not to statutory tolling, is not relevant to this case. *Cf. Orange v. Calbone*, 318 F.3d 1167, 1170–73 (10th Cir. 2003) ("in the more typical circumstances where an application for direct appeal out of time is denied by the Oklahoma courts, such proceedings can, at most, only toll the AEDPA statute of limitations").

Respondent appears to argue that *Jimenez* is relevant by implication. Respondent argues that Petitioner's motion had no effect, including no effect in terms of AEDPA tolling, because motions for out-of-time appeal seek renewed direct review as their purpose, and because no renewed direct review was granted in this case. (Doc. 20, p. 3). Respondent fails to explain, however, how the success or failure of a post-conviction motion has any relevance to the issue of tolling. State habeas petitions, a more common form of "post-conviction or other collateral review," also seek renewed direct review as a remedy, yet properly filed state habeas petitions toll AEDPA's clock even if they are eventually denied.

Respondent also argues that tolling, in the case of a motion for out-of-time appeal, would frustrate the policy of finality. "If it were the case," Respondent argues, "that the action of filing a motion for an out-of-time appeal or a subsequent appeal from a denial of a motion for an out-of-time appeal entitled a Petitioner to statutory tolling, a Petitioner could file such a motion every day and toll ad infinitum, making finality that much harder to achieve." (Doc. 20, p. 4). This *reductio ad absurdum* leaves unanswered the question of what procedural provisions govern motions for out-of-time appeals in Georgia, and the question of whether Petitioner adhered to those procedural requirements in filing his own motion for out-of-time appeal. It is not the case, for example, that Petitioner could have tolled AEDPA's clock ad infinitum by filing repetitious state habeas petitions because Georgia maintains its own limitations period, *see* O.C.G.A. § 9-14-42(c) ("four years in the case of a felony"), and also because Georgia law ordinarily effects a

5

waiver of all grounds not raised in the original or amended state habeas petition. *See* O.C.G.A. § 9-14-51.

With regard to the procedural provisions governing motions for out-of-time appeals in Georgia, the Court, in its April 27 Order, cited to *Richards v. State*, 275 Ga. 190, 191 (2002), and *Rowland v. State*, 264 Ga. 872, 876 (1995), two cases indicating that (a) Georgia law authorizes motions to appeal out of time when the ordinary right to appeal is frustrated by ineffective counsel or by court error, and that (b) the right to file motions for out-of-time appeal was judicially created in Georgia. *See Richards*, 275 Ga. 190, 191; *Rowland*, 264 Ga. 872, 875. It appears that both the right to file motions for out-of-time appeals and the relevant procedural requirements associated with these motions remain uncodified in Georgia. *Cf.* Fla. R.App.P. 9.141(c).

Respondent argues that *Richards* and *Rowland* involve jury-trial convictions, and are therefore distinguishable from this case, but other Georgia cases indicate that the right to file motions for out-of-time appeals may also arise in the guilty-plea context. *See, e.g.*, *Rhodes v. State*, 296 Ga. 418 (2015). The difference between permissible appeals from jury-trial convictions and plea-agreement convictions appears to be one of scope. As Respondent puts it, "a right to appeal from a guilty plea will lie only for issues which can be resolved from the face of the record." (Doc. 20, p. 4).

Although *Richards* and *Rowland* are thus, to some degree, distinguishable, Respondent's mere recitation of the rules governing motions to file out-of-time appeals is not an argument that the Petitioner in this case had no right to file a motion for out-of-time appeal. To put it another way, although Respondent noted the narrow scope of review, Respondent did not attempt to argue that Petitioner's claims exceeded the bounds of that scope of review.

At least some of the grounds raised in Petitioner's motion for out-of-time appeal appear to fall within the permissible scope of review. Those grounds include:

- A claim of indictment error for "failing to allege the essential material elements and facts" of the crimes charged; and

- Claims that the plea court erred by failing to inform Petitioner of the binding nature of his plea agreement, his right to a trial by jury, his right to testify on his own behalf, his privilege against self-incrimination, his right to the assistance of counsel, the maximum possible sentence for the crimes charged, and the proper appellate process.

(Doc. 7-2, pp. 2–3)

The resolution of these claims[2] appears to be possible solely by reference to the established record, without the need for additional evidence. In other words, the record indicates that Petitioner had a "right" to raise at least some of the grounds for relief presented in his motion for out-of-time appeal. This conclusion is bolstered by the wording of the plea court's order of denial. Although brief,[3] that order "denied" rather than "dismissed" Petitioner's motion for out-of-time appeal. (Doc. 7-3, p. 1).

Given that motions to appeal out-of-time may toll AEDPA's limitations period, and that Petitioner appears to have had a "right" to raise at least some of the grounds presented in his motion for out-of-time appeal, the last relevant issue—an issue which Respondent has not addressed—is whether Petitioner "properly filed" his motion for out-of-time appeal.

Again, Georgia has not codified rules governing motions for out-of-time appeal, so it is not entirely clear what procedural provisions apply. One issue Georgia courts do appear to

---

[2] Petitioner's other claims, his ineffective assistance of counsel claims, do appear to require additional evidence. *See* (Doc. 7-2, pp. 3–4). They therefore were not properly the subject of a motion for out-of-time appeal. *See, e.g.*, *Brown v. State*, 290 Ga. 321 (2012).

[3] The Order reads in full: "Defendant's Motion for Out-of-Time Appeal and Incorporated Motion to Withdraw and Motion for Relief, dated March 09, 2009, having been read and considered, it is hereby denied." (Doc. 7-3, p. 1).

consider, though, is whether a movant "slept on his appellate rights." *Dykes v. State*, 266 Ga.App. 635, 636 (2004).

The record in this case does not suggest that Petitioner "slept on his rights." The ten-month period between Petitioner's conviction and his motion for out-of-time appeal is significantly smaller than the delay in cases where Georgia courts have found that a movant "slept on his rights." *See, e.g.*, *Dykes*, 266 Ga.App. 635 (2004) (16 years); *Carroll v. State*, 270 Ga.App. 569 (2004) (13 years); *Taylor v. State*, 251 Ga.App. 769 (2001) ("over a decade"). Additionally, whereas a finding of laches ordinarily requires a hearing, the plea court in this case appears to have denied Petitioner's motion for out-of-time appeal without the benefit of a hearing. *See, e.g.*, *Dykes*, 266 Ga.App. at 636 ("Generally, a trial court should conduct an evidentiary hearing before" ruling that a movant slept on his rights). These two factors together suggest that Petitioner timely filed his motion for out of time appeal. They also suggest that Petitioner "properly filed" his motion, and that he therefore, and contrary to Respondent's assertions, is entitled to statutory tolling under AEDPA.

## **CONCLUSION**

AEDPA's 1-year limitations period is not jurisdictional, and therefore, this Court is under no obligation either to raise the issue of timeliness *sua sponte*, or to assist the Georgia Attorney General's Office in demonstrating that a dismissal on timeliness grounds is appropriate. *Day v. McDonough*, 547 U.S. 198 (2006). Nor is the Georgia Attorney General's Office itself obligated to raise the issue of timeliness, since the limitations period is subject to waiver. *Id.*

Although Respondent has *pro forma* raised the issue of timeliness, Respondent has not demonstrated that a dismissal on timeliness grounds is appropriate by demonstrating that (i) motions for out-of-time appeals do not toll AEDPA's clock, that (ii) Petitioner had no right to

file a motion for out-of-time appeal, or that (iii) Petitioner otherwise failed to "properly file" his motion for out-of-time appeal. As a result, it is **RECOMMENDED** that Respondent's Renewed Motion to Dismiss be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, <u>WITHIN FOURTEEN (14) DAYS</u> after being served with a copy thereof. The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *See Dupree v. Warden*, *Attorney General*, *State of Alabama*, 715 F.3d 1295, 1300 (11th Cir. 2011).

**SO RECOMMENDED**, this 17th day of July, 2015.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge