IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TYRONE THURMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:14-CV-233 (MTT) |
| ) | |
| GREGORY MCLAUGHLIN, ) | |
| ) | |
| Respondent. ) | |
| ) | |

### ORDER

The Respondent has renewed his motion to dismiss as untimely the Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 20). United States Magistrate Judge Charles H. Weigle recommends denying the motion because the Respondent has not demonstrated that a dismissal on timeliness grounds is appropriate. (Doc. 24). The Respondent has filed an objection to the Recommendation (Doc. 25), and the Court has made a de novo determination of the portions of the Recommendation to which the Respondent objects.

The Petitioner pled guilty to aggravated assault and cruelty to children in Jasper County Superior Court on May 6, 2008. (Doc. 9-2 at 2). The Petitioner did not file a direct appeal. On March 9, 2009, the Petitioner filed a motion for an out-of-time appeal in the Jasper County Superior Court, which was denied on March 18, 2009. (Docs. 7-2; 7-3). The Georgia Court of Appeals determined that the Petitioner did not file a notice of appeal of that denial until "more than two years" later, and so it dismissed his appeal for lack of jurisdiction on June 8, 2011. (Docs. 7-4; 11 at 1). On October 30, 2009, the

Petitioner filed a state habeas petition in Ware County Superior Court, which was denied on September 9, 2013. (Docs. 7-5; 7-6). On October 7, 2013, the Petitioner filed an application for certificate of probable cause, which the Georgia Supreme Court denied on April 22, 2014. (Docs. 7-7; 9 at 2). It is unclear when the remittitur was returned to the Ware County Superior Court. On June 19, 2014, the Petitioner filed his federal petition. (Docs. 1; 7-7).

The Respondent initially moved to dismiss the petition as untimely, and the Magistrate Judge recommended granting the motion. (Docs. 6; 11). The Magistrate Judge determined that the Petitioner's conviction became "final" for purposes of AEDPA's one-year limitations period on June 5, 2008. (Doc. 11 at 2). The Petitioner did not file an application for state post-conviction or other collateral review that could potentially toll the limitations period until he filed his motion for an out-of-time appeal on March 9, 2009. The Magistrate Judge assumed *arguendo* that the limitations period was tolled during the pendency of the motion—from March 9 to March 18, 2009. (Doc. 11 at 2). As a result, the limitations period expired on June 15, 2009. Because the Petitioner did not file his state habeas petition until October 30, 2009, the Magistrate Judge concluded the petition was untimely.

In his objection to the Recommendation, the Petitioner raised allegations and submitted supporting materials that suggested he might be entitled to statutory tolling. (Doc. 17 at 2-6, 10-12). Specifically, it appeared the Petitioner could rebut the presumption of correctness that attaches to the Georgia Court of Appeals' determination regarding when he filed his notice of appeal of the denial of his motion for an out-of-time appeal. (Doc. 17 at 12). The Jasper County Clerk apparently refused to accept the

notices of appeal the Petitioner filed on March 25, 2009 and May 18, 2009. (Doc. 17 at 3). The Petitioner spent more than two years trying to establish his right to appeal, and his efforts culminated in an order from this Court directing the Jasper County Clerk to accept the Petitioner's notices of appeal and forward them to the Georgia Court of Appeals. (Doc. 17 at 2-5).

If the Petitioner could show that a motion for an out-of-time appeal is an "application for State post-conviction or other collateral review" under § 2244(d)(2), that he "properly filed" his notice of appeal, and that the application remained pending until the Georgia Court of Appeals' dismissal, his petition would arguably be timely. (Doc. 17 at 10-11). Accordingly, the Court considered the Petitioner's allegations as an amendment to his petition. (Doc. 17 at 12). Because the Respondent had not had the opportunity to respond to the Petitioner's allegations or the materials he submitted, the Court denied without prejudice the Respondent's motion to dismiss and provided the Respondent with thirty days to amend his answer, renew his motion to dismiss, and admit or deny the correctness of the materials submitted by the Petitioner.[1] (Doc. 17 at 12). The Respondent requested and was granted additional time to file responsive pleadings "to ensure he is able to perform his due diligence in investigating Petitioner's new allegations, and in order to obtain records from the Jasper County Clerk's office that may be relevant to these new allegations." (Doc. 18 at 2).

But when the Respondent renewed his motion to dismiss, he did not address the Petitioner's allegations or the materials he submitted. The Respondent argued only that the Petitioner's motion for an out-of-time appeal and his subsequent appeal of the

---

[1] The Court adopted the Magistrate Judge's recommendation that the Petitioner failed to show that equitable tolling is warranted. (Doc. 17 at 9).

denial of that motion did not toll the one-year limitations period because the Petitioner's conviction remained "final" under § 2244(d)(1) and because any tolling would hinder the achievement of finality. (Doc. 20 at 2-4). The Magistrate Judge recommends denying the renewed motion to dismiss because, apart from failing to address whether the Petitioner had a right to and "properly" did file a motion for an out-of-time appeal, the Respondent did not address whether such a motion is an "application for State post-conviction or other collateral review" under § 2244(d)(2). (Doc. 24). In his objection to the Magistrate Judge's Recommendation, the Respondent reasserts his prior arguments, acknowledges the Petitioner had a right to file a motion for an out-of-time appeal, and argues, without any discussion of the Petitioner's plight or *Kearse v. Sec'y, Fla. Dep't of Corr.*, 669 F.3d 1197 (11th Cir. 2011), the Court must give deference to the Georgia Court of Appeals' determination. (Doc. 25).

The Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED** and made the Order of this Court. Accordingly, the Respondent's renewed motion to dismiss (Doc. 20) is **DENIED**. However, the Eleventh Circuit's recent opinion in *Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137 (11th Cir. 2015) arguably addresses whether a motion for an out-of-time appeal qualifies as an application for collateral review under § 2244(d)(2). Neither the Petitioner nor the Respondent addressed *Espinosa*, and the Court will not address it in the first instance.[2] Therefore, if the Respondent thinks *Espinosa* may be dispositive of whether the petition is timely, he may move to dismiss on those grounds.

---

[2] In a typical case, the Court would have expected a represented party to notify the Court of clearly relevant supplemental authority. This has not been a typical case.

**SO ORDERED**, this 24th day of November, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
