**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **TYRONE THURMAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 5:14-CV-233 (MTT)** |
| | ) | |
| **GREGORY MCLAUGHLIN,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**ORDER**

The Respondent has renewed his motion to dismiss as untimely the Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 30).  The Court discussed this case's history and addressed several issues in its April 27, 2015 and November 24, 2015 Orders.  (Docs. 17; 27).  The sole issue now is whether the Petitioner is entitled to statutory tolling.  More specifically, the petition is barred by AEDPA's one-year limitations period unless the Petitioner can show that a motion for an out-of-time appeal under Georgia law qualifies as an "application for State post-conviction or other collateral review" under § 2244(d)(2).[1]  Not only did the Petitioner fail to respond to the renewed motion to dismiss, but he also failed to respond to the Court's order to file supplemental briefing on *Danny v. Sec'y, Fla. Dep't of Corr.*, 811 F.3d 1301 (11th Cir. 2016).  (Doc. 34).

The Supreme Court has defined the phrase "collateral review" to mean "'a judicial reexamination of a judgment or claim in a proceeding outside of the direct review

---

[1] As discussed in the Court's prior Orders, the Petitioner would also have to show that he "properly filed" his notice of appeal and that the application remained pending until the Georgia Court of Appeals' dismissal.  (Docs. 17 at 10-12; 27 at 3).

process.'" *Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137, 1140 (11th Cir. 2015) (quoting *Wall v. Kholi*, 562 U.S. 545, 553 (2011)).  In *Espinosa*, the Eleventh Circuit held that a petition for a belated postconviction appeal under Florida law does not qualify as an application for collateral review because it "does not reach the merits of the anticipated appeal or the validity of the order to be appealed" and "a ruling on the petition cannot make 'amendment[s] or improvement[s]' to the terms of custody."  804 F.3d at 1141 (alterations in original) (citations omitted).  Similarly, in *Danny*, the Eleventh Circuit held that a petition for a belated direct appeal under Florida law "is bereft of the characteristics of an application for collateral review."  811 F.3d at 1303. The petition neither requests "judicial review of a judgment" nor provides "a state court with authority to order relief from a judgment."  *Id.* at 1304 (citation and internal quotation marks omitted).  Instead, "[t]he petition, if successful, only revives a petitioner's right to prosecute a direct appeal."  *Id.*

The Respondent argues that a motion for an out-of-time appeal under Georgia law does not qualify as an application for collateral review because it "does not allow judicial reexamination of the facts or provide a state court with authority to order relief from judgment."  (Doc. 35 at 5).  Rather, it is "a judicial creation that serves as the remedy for a frustrated right of appeal.  It is the means by which a criminal defendant who lost his right to direct appeal of his criminal conviction … may gain that appellate review."  (*Id.*) (quoting *Richards v. State*, 275 Ga. 190, 563 S.E.2d 865 (2002)); *see also Stephens v. State*, 291 Ga. 837, 838, 733 S.E.2d 266, 268 (2012) ("[A]n out-of-time appeal is appropriate when a direct appeal was not taken due to ineffective assistance of counsel.").  Thus, if a motion for an out-of-time appeal is granted, a defendant may

file a notice of appeal or other appropriate motion.  *See Rowland v. State*, 264 Ga. 872, 876 & n.8, 452 S.E.2d 756, 760 (1995); *Ponder v. State*, 260 Ga. 840, 841, 400 S.E.2d 922, 924 (1991) ("[T]he grant of an out-of-time appeal constitutes permission to pursue appropriate post-conviction remedies, including a motion for new trial.").  But, "to qualify for statutory tolling, a collateral pleading must 'request[ ] … judicial review of a judgment and … provide a state court with authority to order relief from a judgment.'"  *Danny*, 811 F.3d at 1304 (alterations in original) (quoting *Kholi*, 562 U.S. at 556 n.4).  Because a motion for an out-of-time appeal does neither of these things, it does not qualify as an application for collateral review under § 2244(d)(2).

Because a motion for an out-of-time appeal under Georgia law does not qualify as an application for collateral review, the petition is barred by AEDPA's one-year limitations period.  Therefore, the Respondent's motion to dismiss (Doc. 30) is **GRANTED**.  Because the Petitioner has not made a substantial showing of the denial of a constitutional right or shown that reasonable jurists would find it debatable whether this procedural ruling is correct, a certificate of appealability is **DENIED**.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).  Accordingly, any motion to proceed *in forma pauperis* on appeal is **DENIED**.

**SO ORDERED**, this 31st day of August, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT